# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENEESSEE v. TRAVEI PRYOR

### Criminal Court for Knox County
### No. 96358

---

### No. E2012-02638-CCA-R3-CD – Filed December 18, 2015

---

JOHN EVERETT WILLIAMS, J., concurring and dissenting.

I must respectfully dissent from the majority's reasoned opinion with regard to its conclusion that the absence of the *White* instructions constituted reversible error. I would affirm the convictions as they were entered, although merging those counts which were alternatively charged. In all other regards, I join in the majority's opinion.

I do agree with the majority that the *White* instructions should have been given in this case as it related to Brett Stanton and Joshua Cox. The failure to so instruct the jury is a non-structural constitutional error that is subject to a harmless error analysis. Again, the test is "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Climer*, 400 S.W.3d at 556. Unlike the majority, I would conclude that the failure to charge was harmless, as I see no circumstance in which the verdict would have changed.

I do agree with the majority's statement of the evidence and conclusion that several of the enumerated factors provided by our supreme court weigh in favor of not finding this failure to charge to be harmless. Clearly, the removal did occur during the robbery and ended as soon as the defendants exercised control over the stolen property. However, because of the weight of the remaining factors, I do not believe that the incident was subject to different interpretations by the jury and was therefore harmless.

The factor regarding the increased risk of violence and harm is most prevalent in my decision. These defendants chose to force their way into a home where a family resides and ordered them to move around within that home. The risk of violence and harm in a home invasion regarding confinement and movement is heightened because the

people within the home are family, and the robbery may involve personal and sentimental items. It is different than a situation involving strangers and cash such as in a liquor or convenience store robbery. The risk of resistance is increased in a home invasion, which exponentially raises the risk of harm to the victims in these situations. For example, it takes little imagination to determine the increased risk of resistance when a mother or father is held by a defendant in their home and the defendant tells his accomplice to go and retrieve the children from another room at gunpoint or while threating violence.

As the law has developed in this area, I am comfortable with due process or notions of fair play attaching to a defendant when the movement is slight and incidental to the robbery. As examples, when an armed robber demands the cashier move away from the cash register in order for the defendant to grab the money and run or when the victim is asked to get on his knees and give the robber his wallet and the robber runs. However, I believe that home invasions involve a greater risk of harm to all present, and the same due process and notions of fair play should not attach to defendants that intentionally embark upon a home invasion terrorizing every occupant and subjecting the innocent victims to great harm and fear. As the law has recognized for years, the home is considered a sacred place. The evidence in this case, to me, clearly establishes beyond a reasonable doubt that the victims were kidnapped, and the fear, terror, and risk of harm they endured should not be excused by the defendants saying, "I was robbing another."

Moreover, as pointed out by the State, the robberies in this case could have been accomplished with virtually no confinement of the victims. Mr. Stanton's marijuana was in plain sight when the defendant entered the bedroom, and Mr. Cox's wallet was lying on the table. Thus, the retrieval of these items, which simply could have been taken, does not make any confinement or removal inherent in the nature of the separate robbery. Had the defendant simply asked Brett Stanton where the marijuana was located while they were in the bedroom, the removal or confinement of all the victims to the living room would have been unnecessary.

Based upon the above facts, I respectfully dissent from my colleagues' conclusion in regard to the *White* issue. Any error was harmless, and I would affirm the convictions.

_____
JOHN EVERETT WILLIAMS, JUDGE